| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| --- | --- |
| EASTERN DISTRICT OF NEW YORK | |
| NAQUONE TAYLOR, | |
| Plaintiff, | |
| – against – | **MEMORANDUM & ORDER** |
| 279 NOSTRAND AVE LLC d/b/a THE CIVIL SERVICE CAFE, EDWARDO A. WHYTE | 16-CV-1391 (ERK) (CLP) |
| Defendants. | |

KORMAN, *J.*:

In this suit under the Americans with Disabilities Act, Naquone Taylor seeks to make the Civil Service Café accessible to him and other persons who use wheelchairs. Although there is an outstanding motion to dismiss, this memorandum explains why I am ordering a hearing to determine whether Taylor has standing.

Standing in an ADA suit exists "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. 2d Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam). Here, in addition to the allegations in the complaint, Taylor has submitted an affidavit swearing that he has visited and intends to visit the Civil Service Café because of its proximity to the Brooklyn Heights neighborhood. In Taylor's words:

- I live in Brooklyn. The Civil Service Café is located not far from the Federal Courthouse in Cadman Plaza in Brooklyn, New York. My wife and I frequently travel through that area of Brooklyn.

- Sometime in January 2016 I visited the Civil Service Café after an appointment in Brooklyn Heights. I had issues getting into the business due to structural impediments blocking any entry with my wheelchair through either the front or side entrance to the cafe. …
- I plan on returning to the Civil Service Café because I often have meetings in Brooklyn Heights.

Decl. of Naquone Taylor, Dkt. 10-4. The affidavit is signed under penalty of perjury.

After taking judicial notice of the relevant geography, I find Taylor's affidavit difficult to accept. The Civil Service Café is located at 279 Nostrand Avenue, in the Brooklyn neighborhood called Bedford–Stuyvesant. That is four neighborhoods removed from Brooklyn Heights—between them lie Clinton Hill, Fort Greene, and Downtown Brooklyn, which abuts Brooklyn Heights. Downtown Brooklyn is "the civic and commercial center of the borough,"[1] its main office and shopping district, and a funnel for traffic entering and leaving Brooklyn by the Brooklyn and Manhattan Bridges. Separated by these neighborhoods, the café is more than 2.5 miles from Brooklyn Heights by car, a distance that could take half an hour to drive, if not more in light of the extraordinary vehicular and pedestrian traffic. No one looking for a café upon visiting Brooklyn Heights or Downtown Brooklyn would consider the Civil Service Café a convenient option.

Moreover, there is good reason to be skeptical that Taylor would go so far out of his way. Another judge of this district has identified Taylor (and his attorney) as possibly filing in bad faith. *See Taylor v. 312 Grand Street LLC*, 15-cv-5410, 2016 WL 1122027, at \*5 (E.D.N.Y. Mar. 22, 2016) (proposing that this sort of claim is "an exercise in shooting ducks in a barrel—marginal

---

[1] Dan Shaw, *From Commercial Center to Neighborhood*, N.Y. Times, Nov. 27, 2016, at RE7, *available at* https://www.nytimes.com/2016/11/23/realestate/downtown-brooklyn-commercial-center-to-neighborhood.html.

businesses that barely have enough funds to defend themselves—in order to generate a small amount of attorneys' fees"). Indeed, Mr. Taylor has filed more than twenty such lawsuits in the last three years in this district alone. I do not yet make any finding of bad faith. But neither can I credit Taylor's affidavit, or his complaint in light of the unbelievable affidavit. And if Taylor does not intend to visit the café, there is no injury, he has no standing, I have no jurisdiction, and the case cannot continue.

"[A] district court must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits." *Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006). In this situation, one practice is to hold an evidentiary hearing to determine the plaintiff's intent to return to the place of alleged discrimination. *See Norkunas v. Park Road Shopping Ctr., Inc.*, 777 F. Supp. 2d 998, 1003 (W.D.N.C. 2011); *see also Pyramid Crossgates*, 436 F.3d at 87–88. The Second Circuit has approved this practice, albeit in an unpublished opinion. *Harty v. Simon Prop. Grp., L.P.*, 428 Fed. App'x 69, 72 (2d Cir. 2011).

I take this course. Taylor and his counsel are directed to attend a hearing to be scheduled before Judge Pollak, prepared to discuss Taylor's past visit and intended future visits to the café. *See Kreisler*, 731 F.3d at 188 (discussing facts relevant to this inquiry). If they have evidence, they should submit it in the manner that Judge Pollak prefers.

I observe that the café's owner, Milad Zarrin, has sworn that defendant 279 Nostrand Ave LLC does not do business as the Civil Service Café, and was not during the time relevant to the complaint. *See* Aff. of Milad Zarrin, Dkt. 29-1. He also swears the he has no ownership stake in 279 Nostrand Ave LLC. Because it would facilitate the hearing, Judge Pollak should appoint counsel for the limited purpose of representing the named defendants and Mr. Zarrin.

3

Until the issue of standing is resolved, I deny the motion to dismiss without prejudice to renew.

**SO ORDERED.**

Brooklyn, New York  
March 6, 2018

*Edward R. Korman*
Edward R. Korman
United States District Judge